Wayne D. Essanason, Esq. Informal Opinion Village Attorney No. 2000-19 Village of Scarsdale Scarsdale, N Y 10583
Dear Mr. Essanason:
You have requested our opinion regarding the procedure for changing the month of the general village election from March to November. Your specific concern is the manner in which the terms of elected village officials should be modified to effect the transition to the new election date. We conclude that the terms of village officers should be extended as long as necessary to guarantee that no village office goes unoccupied for any period of time as a result of the transition.
The general village election "is the annual or biennial election for village officers." Election Law §§ 1-104(32). The procedures for changing the month of the general village election are set forth in Village Law § 9-912 and Election Law § 15-104(2). Village Law § 9-912 requires that the voters, in a referendum, approve a proposition to establish the new month. Under the Election Law, an approved proposition
 shall not become effective until the next election regularly scheduled to be held more than one hundred twenty days following its adoption. Upon the adoption of such a proposition, the term of any village officer elected at the election at which such proposition is adopted or less than one hundred twenty-one days thereafter, and the term of any village officer whose successor is scheduled to be selected more than one hundred twenty days thereafter shall be extended until the date fixed as a result of such proposition for his successor to take office. Election Law § 15-104(2) (emphasis supplied).
In our view, the date of the general village election first impacted by the proposition changing the month of general village elections is not entirely clear on the face of the statute. The uncertainty is whether "the next election regularly scheduled to be held more than 120 days following adoption of the proposition," at which time the proposition becomes effective, is to be held during its regularly scheduled month or during the new month set forth once the proposition becomes effective.
We believe that the Legislature intended the next regular general village election scheduled more than 120 days after adoption of the proposition to be held on the new election date rather than on its originally scheduled date. Thus, if the next originally scheduled March general village election were to be held more than 120 days after adoption of the proposition, then that election will instead be conducted in November, as provided in the proposition. If the Legislature had intended that that election also occur on the originally scheduled date, it could have provided in Election Law § 15-104(2) that the approved proposition not become effective "until after the next election regularly scheduled to be held more than 120 days following adoption," rather than merely "until" that election.
Similarly, the underlined language in the provision cited above provides for the extension of the term of an officer whose successor is to be elected at that next election, until such time as the successor takes office as a result of the proposition. By providing for a necessary extension of the current term of office, this language indicates a legislative intention that a general village election (in your case, the March general election) scheduled to occur more than 120 days after adoption of the new date is not to be conducted on its originally scheduled date, but rather later on the new date (here, November).
The procedure for transition to the new election month is also established by Election Law § 15-104(2). The term of any village officer who is elected at the time the proposition is approved, or 120 or fewer days thereafter, is extended beyond its usual termination date to the date his successor, elected on the new general village election date (here, November), is to take office. Id. The existing term of an elected village officer that is scheduled to expire more than 120 days after the passage of the proposition similarly is extended to the date on which the successor would take office. Id. Thus, the terms of all of your Village's current and newly elected village officers are extended to effect the transition to the new November general election date without interruption in occupation of their offices.
We conclude that the terms of elected village officers are extended in order to make a transition to a change in the month of the general village election. They are never truncated.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions